UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS ERNEST CRESSMAN, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:17-cv-793 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| SHIRLEE HARRY, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
### and
## DENYING PETITION FOR HABEAS RELIEF

Petitioner Thomas Cressman filed a motion for habeas relief under 28 U.S.C. § 2254. The magistrate judge issued a report recommending that relief be denied. (ECF No. 9.) Cressman filed objections. (ECF No. 10.)

### I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

A. Blanket objection. At the outset, Cressman objects to "each and every point in the Magistrate Judge's Report and Recommendation." (R&R at 1 PageID.753.) Blanket objections are not proper objections because they fail to pinpoint an alleged error with the required specificity. *Mira*, 806 F.2d at 637.

B. Objection to Discussion. Cressman objects to the Magistrate Judge's summary of the hearings on January 8, 2016, and January 11, 2016. The objection is overruled. The transcripts speak for themselves. The Magistrate Judge's summary is accurate.

C. Habeas Issue I, II, and III. Having reviewed the R&R on these issues de novo, the Court concludes the Magistrate Judge accurately summarized the facts and correctly applied those facts to the law. The Court need not merely repeat the well-reasoned analysis of the issues provided in the Report and Recommendation.

D. The Court notes that Cressman did not cite or otherwise refer to *United States v. Cronic*, 466 U.S. 648 (1984) in his initial brief and raised a possible *Cronic* claim for the first time in his reply. (ECF No. 8 at 3 PageID.721.) Claims raised for the first time in a reply brief are not properly before a court. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Cressman also references *Cronic* in his objections. Although a *Cronic* issue is not properly part of the § 2254 motion, the Court will briefly address it anyway. Cressman has not established any violation of *Cronic*. He was represented by counsel at all critical times and at no point did counsel entirely fail to subject the prosecution's case to meaningful adversarial testing. *See Bell v. Cone*, 535 US. 685, 695-96 (2002) (discussing *Cronic*). And, Mr. Johnson, appointed counsel for Cressman, did not ask for an adjournment so that he

(Johnson) could prepare for trial. Accordingly, Johnson was not asked to render assistance under circumstances where he could not do so. *See Bell*, 535 U.S. at 696.

### III.

For these reasons, Cressman's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** as the Opinion of this Court. Accordingly, Cressman's petition for habeas relief is **DENIED.**

The Court has conducted a separate review to determine whether a certificate of appealability should be granted. The Court concludes reasonable jurists would not disagree with the manner in which the issues have been resolved. Therefore, a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: August 23, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge